IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DENNIS FOY, | ) |
| | ) |
| Petitioner, | ) Civil Action No. 03-1237 |
| | ) Chief Judge Donetta W. Ambrose |
| v. | ) Magistrate Judge Francis X. |
| BEN VARNER | ) Caiazza |
| | ) |
| Respondent. | ) |
| | ) |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I. RECOMMENDATION**

It is respectfully recommended that the Petition for Writ of Habeas Corpus filed by Dennis Foy be dismissed without prejudice and that a certificate of appealability be denied.

**II. REPORT**

The Petitioner, Dennis Foy ("Foy"), filed a Petition for Writ of Habeas Corpus pursuant to the provisions of 28 U.S.C. § 2254, challenging the validity of his criminal convictions obtained in the Court of Common Pleas of Allegheny County, Pennsylvania on April 5, 1988. On May 13, 2004, this Court stayed Foy's federal habeas petition pending resolution of the his state court collateral relief proceeding -unless the court determined that the state proceeding did not provide an available state remedy in accordance with the provisions of 28 U.S.C. 2254 or, in the alternative, unless federal court oversight of Foy's state proceeding was no longer required. To aid the Court in making this determination, it ordered the District Attorney of Allegheny

County to file a monthly status report setting out the current condition of the Petitioner's post conviction relief proceeding.

The monthly status reports indicate that Foy's post conviction proceeding is being actively pursued in the Pennsylvania courts. Considerations of judicial comity and federalism counsel against giving the state system less than a full opportunity to address his pending post-conviction petition. In addition, he has the benefit of appointed counsel. Thus, it appears that the proper course of action is to allow the Pennsylvania courts to have the first opportunity to address and correct the constitutional violations alleged by the Petitioner. That question has been addressed by the Supreme Court:

> Because it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation, federal courts apply the doctrine of comity, which teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter.

Rose v. Lundy, 455 U.S. 509, 518 (1982). Furthermore, the exhaustion requirement serves the secondary purpose of facilitating the creation of a complete factual record to aid federal courts in their review. Walker v. Vaughn, 53 F.3d 609, 614 (3d Cir. 1995). Here, this Court must stay its hand and

dismiss Foy's federal habeas petition without prejudice.[1]

Finally, Section 2253 of the Habeas Corpus Statute, 28 U.S.C. § 2253(c) (as amended) codified the standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. Amended Section 2253 provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."

In <u>Slack v. McDaniel</u>, 529 U.S. 473 (2000) the Supreme Court held that when the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a certificate of appealability should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. Applying the relevant standard to the instant case, the court concludes that jurists of reason would not find it debatable whether a dismissal of Foy's federal habeas petition for failure to comply with the exhaustion requirement is a proper procedural ruling. Accordingly, a certificate of appealability should be denied.

### III. **CONCLUSION**

For the foregoing reasons, it is respectfully recommended

---

1. It is no longer necessary for the Allegheny County District Attorney to file monthly status reports.

that the Petition for Writ of Habeas Corpus be dismissed without prejudice and that a certificate of appealability be denied.

In accordance with the Magistrate's Act, 28 U.S.C. § 636 (b)(1)(B) and (C), and Rule 72.1.4 (B) of the Local Rules for Magistrates, objections to this Report and Recommendation are due by April 24, 2006. Responses to objections are due by May 4, 2006.

FRANCIS X. CAIAZZA
United States Magistrate Judge

Dated: April 6, 2006

cc: The Honorable Donetta W. Ambrose
United States District Judge, Chief

Dennis Howard Foy
AJ-2758
SCI-Smithfield
1120 Pike Street
P.O. Box 999
Huntingdon, PA 16652

Rebecca D. Spangler
Assistant District Attorney
Office of the District Attorney
401 Allegheny County Courthouse
Pittsburgh, PA 15219

4